Samuels, J.
Separating the subject of this suit from the extraneous matter in which it was involved in the bill and subsequent proceedings, the record discloses the following case:
On or before the 4th of September 1820, one Abigail Hillis died, leaving a small personal estate, and leaving her children Mary Laughlin, Abigail Hillis, afterwards the wife of Jacob Haughawont, William Hillis, and her grand daughter Mary Ann Seawright, the female appellee, then and now the wife of Wm. Seawright, her next of kin and distributees. William Hillis qualified as the administrator of his mother’s estate: he died in the year 1825, leaving the appellant Robert Hillis, then an infant of tender years, his sole heir and distributee, who took by descent from his father a house and lot in the town of Lexington. Administration on William Hillis’ estate was committed to Robert Irvine. In the year 1846 suit was brought by Sea-wright and wife against Robert Hillis the heir, and Robert Irvine the administrator, of William Hillis, for an account of Abigail Hillis’ estate, and for payment of Mary Ann Seawright’s distributive share therein. *303 The bill nowhere alleges in terms that the bond given by William Hillis for the administration of Abigail Hillis’ estate, bound his heir; we may suppose ever, that it was in the form prescribed by the act of assembly, which would bind the heir.
Robert Hillis alone answered; he defended himself by objecting the staleness of complainant’s demand; and by alleging that the money claimed by complainants had been paid, relying upon the lapse of time as affording presumptive evidence of such payment.
The Circuit court directed certain accounts to be taken to ascertain the amount of the distributive share sued for, and the amount of William Hillis’ personal estate. These accounts being taken, it appeared that there was no personal estate out of which complainant’s demand could be paid. A decree was rendered for the sale of the house and lot aforesaid, for the purpose of paying that demand: from this decree the appeal before us is taken.
Passing by any other error in the proceedings by which the decree was arrived at, yet it must be reversed for reasons affecting the existence of the demand asserted.
The question “ what was the amount of Abigail Hillis’ estate for distribution ?” lies at the foundation of this controversy. By the dim lights shed upon this question, we are able to perceive that William Hillis insisted that certain money received by him at the hands of his mother, was given him by way of advancement. This pretension is resisted by the distributees, who insist that the money was only loaned, and should be accounted for as part of the estate. The money in controversy forms a large proportion of the estate alleged to have belonged to the intestate.
After the lapse of twenty-six years since the death of Abigail Hillis, and after the rights of complainants as her distributees had accrued; after the lapse of *304 twenty-one years from the death of William Hillis, was charged with the duty of administering the estate; long after William Hillis’ estate had been administered by Irvine his administrator, and the amount thereof settled : and in the absence of William Hillis’ books and papers, Robert Hillis his heir at law is called on to litigate the question, “ What was the amount of Abigail Hillis’ estate for distribution?”
This delay of itself is gross laches; it renders complainant’s claim obnoxious to the objection of staleness. The fact that Mrs. Seawright was a feme covert at the time the right accrued, and has continued to be so ever since, loses its force when assigned by the husband as a reason for his want of diligence; he wras under no disability and shows no excuse for the delay.
Adhering to the decisions of this court, and approving the reasons upon which they are founded, in the cases of Todd & wife v. Moore’s adm’r, 1 Leigh 457, Carr’s adm’r, &c. v. Chapman’s legatees, 5 Leigh 164, I am of opinion to reverse the decree and dismiss the bill because of the staleness of the demand asserted. If anything further were needed to justify this conclusion, it would be found in the presumption that complainant’s demand has been already paid. The lapse of more than twenty years, of itself affords the presumption which stands for full proof, unless repelled by other evidence. In this case nothing is shown to repel the presumption; on the contrary it is aided by other circumstances disclosed in the record.
The other judges concurred in the opinion of Samuels, J.
Decree reversed.